### James Boyd *vs.* Rockport Steam Cotton Mills.

The delivery of a certificate of stock in a manufacturing corporation, indorsed with a printed transfer signed in blank, with the intention of transferring the stock as security for a debt due from the holder to the person to whom it is delivered, passes no title as against attaching creditors.

An assignment of property in this commonwealth, made in another state by a citizen thereof, for the benefit of his creditors, with provisions contrary to the policy of the laws of this commonwealth, is ineffectual as against an attachment made in this commonwealth by a citizen thereof.

The parties submitted to the decision of the court the question whether any action could be maintained by the plaintiff against the defendants upon the following facts:

In 1850, Charles T. James, of Providence, R. I., being the owner of one hundred shares of the defendants' capital stock, deposited with the Bank of America, of Providence, for the pur-

pose of transferring the shares to the bank, as collateral security for money which he owed the bank, his certificates of ownership of said shares, which stated on their face that the shares " are transferable by making an assignment on the back hereof, and on surrender of this certificate a new one will be issued;" and on the back of each of which certificates was indorsed this printed form of transfer, which was signed by James and by an attesting witness, but the blanks in which were not filled up: " Be it known, that I,　　　 within named, in consideration of dollars to me paid by　　　 of　　　, the receipt of which is hereby acknowledged, do hereby sell, assign and transfer to the said　　　, executors, administrators and assigns,　　　 the within named share in the Rockport Steam Cotton Mills, numbered　　　 to　　　 inclusive. Witness my hand this　　　 day of　　　 A. D. 18 ." No notice of this deposit or transfer was given to the defendants, nor any record thereof made.

On the 2d of September 1851, at Providence, James, by an instrument under seal, assigned all his estate, including his right to redeem these shares, to Lyman B. Freize, of Providence, his heirs, executors, administrators and assigns, in trust to pay the creditors of James, in a designated order of priority; and at the same time gave him an additional assignment of these shares, upon the same trusts; but no notice of this assignment was then given to the defendants. On the 13th of February 1852 Freize assigned these shares to Willis & Co., creditors of James, in consideration of their cancelling their debt, and as part of an arrangement by which they had paid a certain sum to another creditor of James, who claimed a right in these shares. On said 13th of February Willis & Co. handed said assignment to the defendants' treasurer, with a request for a new certificate, which he declined to make, but took the assignments and placed them among the papers of the company, and promised to deliver a new certificate to Willis & Co. as soon as they should return the old certificates to him, which they afterwards did, and obtained from him a new certificate on the 14th of October 1852, upon giving him a bond of indemnity.

On the 23d of February 1852 the plaintiff attached these shares as the property of James, and in April 1855 recovered judgment against him, and took out execution thereon, which was levie 1 upon said shares, and a demand made upon the defendants' treasurer for a certificate thereof, and refused.

*G. M. Browne,* for the plaintiff, to the point that these shares could only be transferred, as against creditors or purchasers without notice, by instrument in writing, recorded by the clerk of the corporation, cited Rev. Sts. *c.* 38, § 12; *Sts.* 1846, *c.* 45; 1847, *c.* 107; *Hastings* v. *Blue Hill Turnpike,* 9 Pick. 83; *Lanfear* v. *Sumner,* 17 Mass. 114; *Sargent* v. *Franklin Ins. Co.* 8 Pick. 99; *Oxford Turnpike* v. *Bunnel,* 6 Conn. 552; *Agricultural Bank* v. *Burr,* 24 Maine, 256; and to the point that the assignment from James to Freize was void as against creditors, *Zipcey* v. *Thompson,* 1 Gray, 243.

*L. Shaw, Jr.* for the defendants, to the point of the validity of the assignment to the Providence Bank, cited *Plymouth Bank* v. *Bank of Norfolk,* 10 Pick. 454; and to the point of the validity of the assignment to Freize, *Newman* v. *Bagley,* 16 Pick. 570.

BY THE COURT. The assignment to the Providence Bank was not perfected. To treat the signature of James on the blank form of transfer as a power to make a transfer is to give to it its utmost legal effect. As such, it was a power not executed.

The assignment made by James to Freize was invalid as against an attaching creditor in this state; being in direct contravention of the policy of our laws. *Defendants defaulted.*